STATE OF INDIANA ) IN THE LAKE CIRCUIT/SUPERIOR COURT
) SS:
COUNTY OF LAKE ) CAUSE NO.

4900 MORSE LAND TRUST )
)
Plaintiff, )
)
v. )
)
OCCIDENTAL PETROLEUM CORPORATION )
and OXY USA, INC. )
)
Defendants. )

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, 4900 Morse Land Trust ("4900"), by counsel and for its Complaint against Defendants Occidental Petroleum Corporation and Oxy USA, Inc. (collectively "Defendants") states as follows:

**Statement of the Action**

1. Defendants previously released hazardous substances and/or petroleum at a property located at 4900 Morse Street, Gary, Indiana 46406 (the "Site"). Rather than fully addressing the issues caused by their contamination, Defendants instead left those issues to be addressed by the current owner of the Site, 4900. 4900 brings this action to recover the costs it has incurred in addressing the contamination and the costs it will incur to address the contamination in the future.

**Parties, Jurisdiction, and Venue**

**2.** 4900 is a Trust managed and administered in Indiana by a Trustee who is an Indiana citizen.

3. Upon information and belief, Occidental Petroleum Corporation is a for-profit corporation organized under the laws of the State of Delaware and with a principal place of business located in Houston, Texas.

4. Upon information and belief, Oxy USA, Inc. is a for-profit corporation organized under the laws of the State of Delaware and with a principal place of business located in Houston, Texas.

5. Defendants and their corporate predecessors in interest own or have owned property in Indiana, are businesses that were authorized to conduct business in Indiana and have performed substantial business in this State and caused damage in Lake County, or successors in interest to businesses that performed substantial business in this State and caused damage in Lake County.

6. This Court has personal jurisdiction over the Defendants pursuant to Indiana Trial Rules 4.4(A)(1), (2), (4) and (5).

7. Venue is proper here because the subject Site is located in Lake County, Indiana, and a substantial portion of the acts and occurrences that give rise to this action took place in Lake County pursuant to Ind. Trial Rules 75(A)(2), (5) and (10).

## **Factual Allegations**

8. Cities Service Oil Company owned, and conducted operations on, the Site between approximately 1929 and 1975.

9. Upon information and belief, Cities Service Oil Company operated a petroleum refinery at the Site, which manufactured petroleum byproducts, such as gasoline, and stored oil and petroleum waste.

10. Cities Service Oil Company later merged into Cities Service Company.

11. Oxy USA, Inc. is a successor to Cities Service Company.

12. Oxy USA, Inc. is a wholly owned subsidiary of Occidental Petroleum Corporation.

13. In March 2017, the United States Environmental Protection Agency entered an Administrative Order on Consent under the Resource Conservation and Recovery Act with Oxy USA, Inc., making Oxy USA, Inc. responsible for the cleanup of contamination located at the Site.

14. The United States Environmental Protection Agency determined that a predecessor to Oxy USA, Inc. contributed to the past handling, storage, treatment, transportation or disposal of solid or hazardous waste and/or petroleum or constituents of such waste at the Site, and that such materials posed an imminent and substantial endangerment to health or the environment.

15. Environmental investigations conducted relating to the Site have revealed the presence of hazardous substances and/or petroleum in the soil and/or groundwater currently at the Site. The presence of the hazardous substances and/or petroleum in the soil and/or groundwater at the Site pose a risk to human health and the environment.

16. 4900 currently owns the Site.

17. Since acquiring the Site, 4900 has incurred costs addressing the contamination, including performing removal and/or remedial actions relating to the contamination caused and/or contributed to by Defendants.

18. There remains additional work to be completed at the Site involving the removal and/or remediation of the contamination that was caused and/or contributed to by Defendants. It is currently expected that such costs will be significant.

## COUNT I – RECOVERY UNDER ENVIRONMENTAL LEGAL ACTION STATUTE

19. 4900 repeats, realleges, and incorporates by reference all preceding paragraphs as through set forth fully herein.

20. Indiana Code § 13-30-9-2 states:

> A person may, regardless of whether the person caused or contributed to the release of a hazardous substance or petroleum into the surface or subsurface soil or groundwater that poses a risk to human health and the environment, bring an environmental legal action against a person that caused or contributed to the release to recover reasonable costs of a removal or remedial action involving the hazardous substances or petroleum.

21. Indiana Code § 13-30-9-3 allows a party asserting an action under Indiana's Environmental Legal Action statute (Indiana Code § 13-30-9-2) to recover an award of reasonable costs, including attorney's fees.

22. During the course of its ownership and operation of the Site, Defendants caused and/or contributed to the release(s) of hazardous substances and/or petroleum on the Site.

23. The hazardous substances and/or petroleum released posed, and continue to pose, a risk to human health and the environment.

24. 4900 has incurred, and will continue to incur, remedial and/or removal costs as a result of the release(s) of the hazardous substances and/or petroleum on the Site.

25. During the course of its ownership and/or operations on or near the Site, Defendants caused and/or contributed to the release of hazardous substances and/or petroleum into the surface and/or groundwater.

26. Defendants are liable to 4900 under Indiana Code § 13-30-9 et seq. for all reasonable costs of removal or remedial actions 4900 has incurred with respect to the hazardous substances and/or petroleum at or emanating from the Site, including all reasonable attorneys' fees and costs.

27. The condition of the Site severely limits the ways it can be used and additionally diminishes the current market value of the property.

28. Even if the Site can be cleaned up to standards acceptable to the United States Environmental Protection Agency and the Indiana Department of Environmental Management, the Site has been and will be adversely affected by environmental stigma.

29. Indeed, removal and remedial actions on the Site will not fully restore the value of the property nor will they fully eliminate all ongoing risks of potential harm resulting from the contamination caused by the Defendants.

WHEREFORE, 4900, by counsel, respectfully requests that the Court: (1) enter a judgment in favor of 4900 and against Defendants; (2) order Defendants to compensate 4900 for the reasonable costs of its removal and/or remedial actions involving hazardous substances and/or petroleum; (3) order Defendants to compensate 4900 for its reasonable attorneys' fees and litigation costs; (4) order that the future removal and/or remedial costs, expenses, damages, and fees to be incurred by 4900 at the Site in connection with the hazardous substances and/or petroleum released at the Site are necessary and reasonable and that Defendants are liable to 4900 for such future costs, expenses, damages, and fees; (5) award 4900 all appropriate pre-judgment and post-judgment interest; and (6) award 4900 all other just and proper relief.

Respectfully submitted,

*/s/ Angela P. Krahulik*
Angela P. Krahulik (#23036-49)
Benjamin P. Burdick (#36783-29)

ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100
Angela.Krahulik@icemiller.com
Ben.Burdick@icemiller.com

*Attorneys for Plaintiff 4900 Morse Land Trust*

**REQUEST FOR JURY TRIAL**

Plaintiff 4900 Morse Land Trust respectfully requests that all issues herein properly triable by jury be so tried.

*/s/ Angela P. Krahulik*
Angela P. Krahulik (#23036-49)
ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, IN 46282-0200